IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES LEOPOLD, III,<br><br>   Petitioner,<br><br>vs.<br><br>EARL HOUSER, Superintendent, Goose Creek Correctional Center,<br><br>   Respondent. | No. 4:21-cv-00002-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 8] |

  James Leopold, III, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Docket No. 1. After reviewing the Petition pursuant to the Rules Governing Section 2254 Cases, the Court determined that did not "plainly appear[] from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see* 28 U.S.C. § 2243. The Court ordered the Respondent to answer the Petition, Docket No. 4, and Respondent complied, Docket No. 6.

  At Docket No. 8, Leopold now renews his request for the appointment of counsel to assist him in these proceedings. As this Court explained in denying Leopold's prior request, while this Court is not unmindful of the plight of unrepresented state prisoners in federal habeas proceedings, there is no constitutional right to counsel in federal habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722,

756-57 (1991)). This Court, however, may under the Criminal Justice Act appoint counsel in this case if it determines that the interests of justice so require at any point in these proceedings. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.").

In the present case, the Court does not find that the interests of justice would be served by the appointment of counsel at the present time. Importantly, the Court has before it Leopold's counseled application for post-conviction relief filed in the Alaska Superior Court, as well as all counseled briefing from Leopold's appeal in the Alaska Court of Appeal of the denial of that application. As the Court noted in its prior Order, Leopold may, but is not required to, file a reply to the Respondent's answer by **April 14, 2021.**

**IT IS THEREFORE ORDERED THAT** the Motion to Appoint Counsel at Docket No. 8 is **DENIED WITHOUT PREJUDICE** to renew of the motion at a later stage of the proceedings.

Dated at Anchorage, Alaska this 8th day of April, 2021.

s/James K. Singleton, Jr.<br>
JAMES K. SINGLETON, JR.<br>
Senior United States District Judge