IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES LEOPOLD, III,<br><br>          Petitioner,<br><br>vs.<br><br>EARL HOUSER, Superintendent, Goose Creek Correctional Center,<br><br>          Respondent. | No. 4:21-cv-00002-JKS<br><br>ORDER<br>[Re: Motion for Reconsideration at Docket No. 15] |

       This Court denied James Leopold, III, a state prisoner proceeding *pro se*, habeas relief and a certificate of appealability on May 26, 2021. Earlier in these proceedings, the Court denied Leopold's request for the appointment of counsel. Docket No. 4 at 2-3. Leopold now requests that this Court reconsider its earlier order denying him appointed counsel. Docket No. 15.

       While this Court is not unmindful of the plight of unrepresented state prisoners in federal habeas proceedings, there is no constitutional right to counsel in federal habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)). Appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary hearing. *See* Rules Governing Section 2254 Cases in the U.S. District Courts, Rule 6(a), 8(c). This Court may under the Criminal Justice Act appoint counsel in this case if it determines that the interests of justice so require. 28

U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."). Because this case has been fully briefed and adjudicated on the merits, and the Court determined that no Certificate of Appealability should be granted, this Court does not so determine.

**IT IS THEREFORE ORDERED THAT** the Motion for Reconsideration at Docket No. 15 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

Dated: September 3, 2021.

s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge